UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONNA KETCHEM, Individually And on Behalf of a Class,<br><br>Plaintiffs<br><br>v.<br><br>AMERICAN ACCEPTANCE, CO., LLC., and BOWMAN, HEINTZ, BOSCIA & VICIAN, P.C.,<br><br>Defendants | CAUSE NO. 2:07-CV-415 RM |

## OPINION AND ORDER

Donna Ketchem filed suit against American Acceptance Company and Bowman, Heintz, Boscia, and Vician, P.C., alleging that the defendants violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* by attempting to collect attorneys' fees that they were not legally entitled to obtain because of the substantial identity of interest between them. Both American Acceptance and Bowman, Heintz moved to dismiss Ms. Ketchem's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). American Acceptance also moved the court to impose sanctions against Ms. Ketchem's attorneys, arguing that the complaint is frivolous and fails to state a claim. For the reasons that follow, the court denies the defendants' motions to dismiss as well as American Acceptance's motion for sanctions.

BACKGROUND

The following facts are based upon Ms. Ketchem's allegations. They are recited only for purposes of resolving this motion and are taken in the light most favorable to her as legally possible. American Acceptance is a limited liability company organized under Indiana law that purchases charged-off consumer debts, which it collects through litigation and otherwise. Glenn Vician, George W. Heintz, Gerald E. Bowman, James D. Boscia, Phillip A. LaMere, Paul H. Ellison, and Thomas A. Burris each own 1/7 of the equity in American Acceptance. Mr. Vician, Mr. Heintz, Mr. Bowman, Mr. Boscia, Mr. LaMere, Mr. Ellison, and Mr. Burris are also the sole shareholders of Bowman, Heintz, a law firm organized as an Indiana professional corporation. Bowman, Heintz's practice involves filing suit on behalf of American Acceptance to collect credit card debts, and American Acceptance regularly seeks to recover contractual attorneys' fees in these cases.

In June 2007, Bowman, Heintz filed suit on American Acceptance's behalf against Ms. Ketchem to collect a credit card debt, which American Acceptance claimed to have purchased from Citibank. Bowman, Heintz and American Acceptance sought to recover $250 in attorneys' fees in the collection action, arguing that the availability of fees was incorporated within the credit card agreement that formed the basis of Ms. Ketchem's debt.

In her complaint, Ms. Ketchem alleges that under the terms of the credit card agreement, American Acceptance wasn't entitled to recover attorneys' fees unless the account was referred to an independent attorney. Ms. Ketchem

2

contends that American Acceptance didn't incur attorneys' fees when Bowman, Heintz filed suit on its behalf because of the similarity of ownership between the two entities. Accordingly, Ms. Ketchem asserts that the defendants violated the FDCPA by seeking attorneys' fees that they were not legally entitled to obtain and by failing to disclose the relationship between American Acceptance and Bowman, Heintz. Ms. Ketchem seeks statutory damages, attorneys' fees, litigation expenses, and costs of suit on behalf of herself, as well as the class. American Acceptance and Bowman, Heintz both moved to dismiss the complaint for failure to state a claim, and American Acceptance also moved to sanction Ms. Ketchem's attorneys.

## MOTIONS TO DISMISS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the complaint's sufficiency, complaint, not its underlying merits. *See* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990); *see also* Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims") (citation omitted). In ruling on a motion to dismiss, the court must accept as true all well-pleaded allegations and draw reasonable inferences in favor of the plaintiff. Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 637 (7th Cir. 2004). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

A complaint suffices if any facts consistent with its allegations could be established by affidavit or testimony at a trial. Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005) (quotations and citations omitted). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must provide enough detail to give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Bell Atlantic Corp. v. Twonbly, __ US __, 127 S. Ct. 1955, 1964 n.3 (2007) (*quoting* Conley v. Gibson, 355 US 41, 47 (1957)). These allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 770 (7th Cir. 2007).

Ms. Ketchem filed suit against the defendants under the FDCPA, alleging that American Acceptance doesn't incur attorneys' fees when Bowman, Heintz files lawsuits on its behalf because of their common ownership. The FDCPA generally regulates the actions a debt collector may take in collecting a debt, including prohibiting debt collectors from "collect[ing] any amount of money '(including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'" Shula v. Lawent, 359 F.3d 489, 490 (7th Cir. 2004) (*citing* 15 U.S.C. § 1692f(1)). Ms. Ketchem's claims fall under two provisions of the FDCPA: § 1692e(2)(B), which prohibits a debt collector from making false representations of "any services rendered or compensation which may be lawfully received by any

4

debt collector for the collection of a debt," and § 1692f(1), which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *See* 15 U.S.C. § 1692.

In its dismissal motion, American Acceptance argues that Ms. Ketchem's complaint is "woefully inadequate" because she hasn't alleged facts sufficient for the court to pierce the corporate veil and conclude that American Acceptance and Bowman, Heintz are the same entity. In so arguing, American Acceptance notes that Ms. Ketchem relies on the fact that American Acceptance and Bowman, Heintz have the same shareholders but doesn't allege additional indicia of alter ego identity, such as undercapitalization, co-mingling of assets, failure to observe corporate formalities, or use of the corporation to promote fraud or injustice. Similarly, Bowman, Heintz maintains that the defendants are two separate entities and whether those entities have the same shareholders doesn't abrogate American Acceptance's right to collect attorneys' fees under Ms. Ketchem's credit card agreement. Bowman, Heintz contends that because American Acceptance is not primarily engaged in providing legal services and instead retained outside counsel to represent it in its collection suits, Bowman, Heintz is lawfully entitled to collect attorneys' fees on American Acceptance's behalf.

Analogizing to the public policy prohibiting attorneys from collecting fees for representing themselves, immediate family members, or organizations which they control, Ms. Ketchem responds that American Acceptance doesn't "incur" attorneys' fees as described in the credit card agreement because it isn't an

5

independent client required to pay consideration to Bowman, Heintz in exchange for legal representation. Ms. Ketchem further argues that her claims turn on the fact of common ownership and don't rely on the notion of piercing the corporate veil. In support of this argument, Ms. Ketchem cites <u>Miller v. West Lafayette Community School Corporation</u>, in which the Indiana Supreme Court denied attorneys' fees to a father representing his son under a fee-shifting statute due to the lack of an independent client controlling the attorney. 665 N.E.2d 905, 907 (Ind. 1996). The <u>Miller</u> case is distinguishable, however, since neither the client nor the attorney in that case were organized as corporate entities, negating the necessity of an alter ego inquiry to determine whether there was an independent client.

Although Ms. Ketchem doesn't seek to pierce the corporate veil in the traditional sense of imposing liability on an individual or corporation for the debts of another, she must, to plead that American Acceptance's fee request and failure to disclose its relationship with Bowman, Heintz violated the FDCPA, allege a basis for disregarding the corporate identity of American Acceptance. *See* <u>D'Elia v. First Capital et al.</u>, 07 C 6042 (N.D. Ill. Mar. 19, 2008) (Darrah, J.). Under Indiana law, courts disregard the corporate fiction when "the corporate form is so ignored, controlled, or manipulated that it is merely the instrumentality of another" and "the misuse of the corporate form constitutes a fraud or promotes injustice." <u>Escobedo v. BHM Health Assocs., Inc.</u>, 818 N.E.2d 930, 935 (Ind. 2004) (*citing* <u>Aronson v. Price</u>, 644 N.E.2d 864, 867 (Ind. 1994)); *see also* <u>Cmty. Care</u>

Ctrs., Inc. v. Hamilton, 774 N.E.2d 559, 564-656 (Ind. Ct. App. 2002). Regardless of whether this inquiry is labeled as "piercing the corporate veil," the court must determine whether Ms. Ketchem pleaded facts that may form a basis for disregarding the corporate identity of American Acceptance, and this inquiry includes whether American Acceptance is an independent client to which Bowman, Heintz is answerable.

In her complaint, Ms. Ketchem alleges that American Acceptance didn't incur attorneys' fees in its collection suits because Bowman, Heintz is not an "unrelated attorney." She argues that American Acceptance was created as a vehicle for Bowman, Heintz to buy debt for its own account rather than collect debts for others. That the same shareholders own the two entities purportedly demonstrates this substantial identity of interest.

Both defendants argue that Ms. Ketchem must present evidence in addition to common ownership to pierce the corporate veil, citing Extra Energy Coal Company v. Diamond Energy and Resources, Inc., 467 N.E.2d 439, 441 (Ind. Ct. App. 1984), for the proposition that having nearly identical shareholders doesn't destroy the two entities' "distinct and separate identities." In that case, the plaintiff sought to reverse the trial court's judgment after the cumulative evidence demonstrated separate corporate identity. Id. (holding that common ownership wasn't sufficient for an alter ego finding because the evidence at trial showed that the two entities were incorporated at different times for different purposes and had separate offices, bank accounts, loans, and corporate ledgers). This procedural

posture differs significantly from the case at hand, where the court need only determine whether Ms. Ketchem's claims "should survive dismissal if relief could be granted under any set of facts that could be proved consistent with the allegations." McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir. 2006). Indiana courts have held that "[w]hile no one talismanic fact will justify with impunity piercing the corporate veil, a careful review of the entire relationship between various corporate entities, their directors and officers may reveal that such an equitable action is warranted." Stacey-Rand, Inc. v. J.J. Holman, Inc., 527 N.E.2d 726, 728 (Ind. Ct. App. 1988). Because Ms. Ketchem has alleged facts that may form the basis for disregarding the corporate identity of American Acceptance, she has stated a claim under Rule 12(b)(6).

Ms. Ketchem's allegations provide the defendants fair notice of the plaintiff's claims and the grounds upon which they rest, as required by Rule 8(a)(2),[1] and are sufficient to state a claim for relief under §§ 1692e and 1692f of the FDCPA. Accordingly, the defendants' motions to dismiss are denied.

MOTION FOR SANCTIONS

---

[1] Some jurisdictions apply the heightened pleading standard of Rule 9(b) where veil piercing claims are based on allegations of fraud, necessitating the pleading of facts which give rise to a strong inference that the defendant acted with fraudulent intent. See SE Texas Inns, Inc. v. Prime Hospitality Corp., 462 F.3d 666, 672 (6th Cir. 2006). Ms. Ketchem's claims are not premised on fraud and so are subject to the more lenient pleading requirements of Rule 8(a)(2).

In addition to its motion to dismiss, American Acceptance asks for sanctions against Ms. Ketchem's counsel under Federal Rule of Civil Procedure 11, claiming that the complaint is grossly insufficient to grant the relief requested. Specifically, American Acceptance asserts that Ms. Ketchem alleged only common ownership between the defendants, which is alone insufficient to pierce the corporate veil under Indiana law.

Under Rule 11(c), a district court may impose sanctions if a lawsuit is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," as required by Rule 11(b)(2). Cuna Mut. Ins. Soc. v. Office and Prof'l Employees Int'l Union, Local 39, 443 F.3d 556, 560 (7th Cir. 2006) (*citing* Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731, 990 F.2d 957, 963 (7th Cir. 1993)). A court deciding whether to impose sanctions "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." Id. (*quoting* CPNA v. Chicago Web Printing Pressmen's Union No. 7, 821 F.2d 390, 397 (7th Cir. 1987)). As already explained, Ms. Ketchem's complaint contained sufficient facts to state a claim so her position cannot be said to be groundless at the pleadings stage.

Although American Acceptance states that the court of appeals has warned Ms. Ketchem's counsel that sanctions were appropriate where counsel sought to hold individual shareholders liable under the FDCPA without showing some basis for piercing the corporate veil, White v. Goodman, 200 F.3d 1016, 1019 (7th Cir.

9

2000) (stating that the joinder of a shareholder of a debt collector as a defendant was "frivolous and the plaintiffs, represented by an experienced practitioner in consumer finance litigation, should have been sanctioned for what amounts to malicious prosecution"); Petit v. Retrieval Masters Creditor's Bureau, 211 F.3d 1057, 1059 (7th Cir. 2000) (noting that "suits against the owners of a debt collection agency who are not otherwise debt collectors are frivolous and might well warrant sanctions"), Ms. Ketchem isn't trying to impose liability on individual shareholders in this case. Instead, Ms. Ketchem argues that the court should disregard corporate form and find that American Acceptance wasn't an independent client of Bowman, Heintz , and as such, wasn't entitled to attorneys' fees under the terms of Ms. Ketchem's credit card agreement.

An Illinois district court recently upheld a complaint filed by Ms. Ketchem's counsel based on this same theory. D'Elia v. First Capital, LLC, 07 C 6042 (N.D. Ill. Mar. 19, 2008). In D'Elia, the court denied the defendant's motion to dismiss the plaintiff's FDCPA claims, which allege that attorneys' fees were improper where the sole manager of the law firm pursuing the collection action against the plaintiff was also the sole equity owner of the debt collector. Id; *see also* Old Republic Ins. Co.  v. Chukah & Tecson, PC, 84 F.3d 998, 1003-1004 (7th Cir. 1996) (holding that courts should refrain from issuing sanctions when the legal theory has been accepted by another judge). Accordingly, the court denies American Acceptance's motion for sanctions.

CONCLUSION

For the foregoing reasons, the court DENIES the defendants' motions to dismiss [Doc. Nos. 24 & 26] and DENIES American Acceptance Company's motion for sanctions [Doc. No. 35].

SO ORDERED.

Dated: June 26, 2008

>   /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court

`